Karen A. McCANN,

v.

Kenneth S. APFEL, Commissioner of Social Security Administration.

No. CIV. A. 00–2908.

United States District Court, E.D. Pennsylvania.

May 31, 2001.

Thomas D. Sutton, Langhorne, PA, for plaintiff.

Nicholas Cerulli, William B. Reeser, Social Security Admin. Office of General Counsel, Philadelphia, PA, for defendant.

## MEMORANDUM AND ORDER

HUTTON, District Judge.

Presently before this Court are the Plaintiff's Motion for Summary Judgement

(Docket No. 7), the Defendant's Motion for Remand (Docket No. 14), and the Plaintiff's Reply Brief in Support of their Motion for Summary Judgement (Docket No. 15).

## I. BACKGROUND

### A. Factual History

The Plaintiff, Karen McCann, was born on April 21, 1958. (R.113). During 1976, she graduated from high school and worked as a secretary for New Jersey Manufacturers Insurance Company. (R. 308). She remained at New Jersey Manufacturers until her involvement in a serious automobile accident on March 30, 1978. (R. 308). Since that time, the Plaintiff has not engaged in substantial gainful activity. (R. 308).

As a result of her accident, the Plaintiff suffered severe injuries. (R. 334). She was unconscious when admitted to the hospital and nonresponsive to painful stimulation. (R. 334). The diagnosis of the Plaintiff's injuries included a cerebral contusion, a fracture of the shaft of the left humerus, a fracture of the left humeral neck and right clavicle, and a bilateral subdural hygroma left greater than the right. (R. 334). As part of her treatment while hospitalized from the accident, the Plaintiff underwent an evacuation of the subdural hygroma via a bitemporal craniectomy. (R. 334). Upon her release from the hospital, the Plaintiff entered Moss Rehabilitation Hospital for continuation of more intensive physical therapy and speech therapy, as well as a psychological evaluation. (R. 334).

Beginning in July of 1979, the Plaintiff visited several medical professionals for evaluation of her ability to engage in sub-stantial gainful activity. (R. 24–27). From 1979 through 1980, the Plaintiff received treatment from Drs. Frignito, Rosenfeld, Long, Norton, Courtney, and Christine. (R. 24–27). Pursuant to her more recent application for disability benefits, the Plaintiff has also been evaluated by Drs. Robinson and Logue. (R. 27–28).

### B. Procedural History

On June 5, 1978, the Plaintiff applied for disability insurance benefits based upon injuries sustained in her March 30, 1978 accident. (R. 113–116). The Commissioner granted the Plaintiff's request on July 18, 1978. (R. 85). On September 26, 1979, a determination was made that the Plaintiff's disability had ended in August of 1979. (R. 86). Following the disability guidelines in place, the Plaintiff received benefits until October of 1979. (R. 87). On reconsideration, the termination of the Plaintiff's disability benefits was affirmed. (R. 88).

On September 13, 1995, the Plaintiff filed the current application for disability insurance benefits. (R. 121). The Plaintiff's application for benefits was denied on March 28, 1996 and that denial was upheld on reconsideration. (R. 90–92). On August 7, 1996, the Plaintiff made a timely request for a hearing. (R. 106). On June 15, 1998, a hearing was held before an Administrative Law Judge (ALJ). (R. 39).

At the hearing before the ALJ, testimony was taken from the Plaintiff, several family members, and a vocational expert. (R. 39). The attorney for the Plaintiff argued that she was disabled, she met the severity of a listed impairment, and that she was a member of the *Kuehner* class entitling her to a review of her previously denied claim.[1] (R. 79–83). In addition to

---

1. In April of 1981, a number of Pennsylvania residents challenged the Social Security Ad-ministration's use of the "current evidence" standard to determine a person's eligibility

the evidence adduced at the hearing, the ALJ considered the reports of various medical and psychological professionals who have evaluated the Plaintiff since the time of her accident when deciding this claim. (R. 17–34).

After considering the evidence and arguments presented at the hearing, the ALJ concluded that while the Plaintiff was not able to return to her previous employment, she was able to perform other work which exists in significant numbers in the national economy. (R. 19, 33). For that reason, the ALJ determined that the Plaintiff was not disabled as that term is defined in the Social Security Act and regulations. (R. 33). The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied the Plaintiff's request for review on May 9, 2000. (R. 6).

## II. DISCUSSION

Having exhausted her administrative remedies, the Plaintiff filed her Complaint with this Court pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's final decision denying her claim to benefits. The Commissioner answered the Complaint. On November 15, 2000, the Plaintiff filed her motion for summary judgement. In response, the Commissioner filed a motion for remand on February 28, 2001.

### A. Standard of Review

On review of the denial of benefits under the Social Security Act, the Court is limited to whether the Commissioner's decision is supported by substantial evidence on the record. See 42 U.S.C. § 405(g)(West

2001); see also Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir.2001). " 'Substantial evidence has been defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.' " Fargnoli, 247 F.3d at 38 (quoting Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir.1999))(internal quotes omitted). The Court should not decide if it would have determined the factual inquiry differently, but instead must focus upon whether "the ALJ's findings of fact are supported by substantial evidence." Id.

### B. Social Security Claims

■ The Social Security Act provides that someone is disabled if they are unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.A. § 423(d)(1)(A) (West Supp.2000). To determine if someone is disabled, the Social Security Administration has adopted the following five-step sequential analysis: (1) if the claimant is working in substantial gainful activity their claim will be denied; (2) the claimant must have an impairment or combination of impairments which amount to a severe impairment by significantly limiting their physical or mental ability to do basic work activities, otherwise their claim will be denied; (3) if the severity of the impairment or impairments equals that of an impairment listed in Appendix 1, the claimant will be considered disabled; (4) if the claimant can still perform work they have done in the past, they will not be consid-

for disability benefits. See Kuehner v. Heckler, 778 F.2d 152, 153 (3d Cir.1985). The Plaintiffs contended that the more liberal "medical improvement" standard should have been used when evaluating their claims for disability benefits. See id. Eventually, the District

Court certified a class extending to all people who had been denied benefits dating back to June 1, 1976. See id. at 164. The Plaintiff asserts that she is a member of the Kuehner class and is entitled to have her claim reevaluated.

ered disabled; and (5) if the claimant cannot perform their past relevant work, their residual functional capacity will be considered to see if the claimant can perform other work, if they cannot then they will be considered disabled. *See* 20 C.F.R. § 404.1520(b)-(f)(West 2001); *see also Fargnoli,* 247 F.3d at 39 (quoting *Plummer,* 186 F.3d at 428). The original burden is on the claimant to establish the existence of an impairment and its severity. *See* 42 U.S.C.A. § 423(d)(5)(A); *see also Fargnoli,* 247 F.3d at 39 (quoting *Plummer,* 186 F.3d at 428). However, once that burden is met by showing an inability to return to the claimant's former employment, the burden shifts to the Commissioner to show that the claimant has the ability to perform specific jobs that exist in the national economy. *See Fargnoli,* 247 F.3d at 39 (quoting *Plummer,* 186 F.3d at 428).

## C. *The Motions Pending Before the Court*

Applying the five-step sequential analysis, the ALJ found that the Plaintiff was not disabled. (R. 33). The ALJ determined that the Plaintiff's medically determinable impairments did not meet the severity of a listed impairment but they did preclude performance of her past work functions. (R. 19, 33). Therefore, the burden shifted to the Social Security Administration to establish that the Plaintiff can perform specific jobs that exist in significant numbers in the national economy. The ALJ found that based upon the Plaintiff's exertional capacity for light work, and her age, educational background, and work experience, she is capable of adjusting to work such as small parts assembly, inspector-small parts, gate attendant, hand packer, and office helper. (R. 33). Therefore, the ALJ determined that a finding of "not disabled" was warranted. (R. 33).

The Plaintiff objects to the ALJ's decision on several grounds. First, the Plaintiff asserts that the ALJ impermissibly disregarded the testimony of examining medical and psychological experts as well as the testimony of family members. *See* Pl.'s Mot. for Summ. Jud. at 12, 26. In addition, the Plaintiff contends that the ALJ failed to discuss the testimony of the vocational expert which supported a finding of disabled. *See* Pl.'s Mot. for Summ. Jud. at 16. The Plaintiff also contends that the ALJ did not address the medical evidence suggesting that the Plaintiff's spine injury met the severity of a listed impairment and that the ALJ improperly failed to secure medical testimony regarding the onset date of the Plaintiff's psychiatric disability. *See* Pl.'s Mot. for Summ. Jud. at 19, 22. Finally, according to the Plaintiff, the ALJ improperly refused to review the unlawful termination of Plaintiff's benefits in 1979. *See* Pl.'s Mot. for Summ. Jud. at 28.

■ The Commissioner concedes that the ALJ's decision did not follow the proper procedures for confronting and discrediting evidence they find unconvincing. *See* Def.'s Mot. for Remand at 5. For this reason, the Commissioner seeks a remand for further evaluation of the Plaintiff's disability claim. *See* Def.'s Mot. for Remand at 5. Specifically, the Commissioner asserts that upon remand the Plaintiff's condition will be evaluated to determine if it meets the severity of a listing, if the condition should have been considered disabling at step five, if there was good cause for the Plaintiff's untimely assertion of her rights under the *Kuehner* class action, and to secure medical testimony regarding the onset date of the Plaintiff's psychiatric disability. *See* Def.'s Mot. for Remand at 3.

■ The Court should direct a verdict for the claimant as opposed to remand "only when the administrative record of

the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny v. Harris*, 745 F.2d 210, 221–22 (3d Cir.1984). In this case, the parties and the Court agree that the administrative record is deficient regarding an evaluation of the severity of the Plaintiff spine condition, the necessary testimony to establish the onset of Plaintiff's psychiatric disability, and the Plaintiff's failure to timely assert her rights as part of the *Kuehner* class. Upon remand, evidence can be adduced which is currently not in the record which would clarify the Plaintiff's rights pursuant to the *Kuehner* class action as well as the onset date of her psychiatric disorder. In addition, the Commissioner can properly evaluate the severity of the Plaintiff's spine injury. Therefore, the Court will remand this case for additional administrative proceedings.

In addition, the Court also finds that, on remand, the ALJ should articulate more clearly the reasons for his rejection of the medical and family testimony. The ALJ is required to set forth the reasons for his decision and the Court finds that in this case the ALJ's unsupported rejection of the medical and psychological testimony is beyond meaningful judicial review. *See Burnett v. Commissioner of Soc. Sec. Admin.*, 220 F.3d 112, 119 (3d Cir.2000). After discussing the reports of the six evaluating medical and psychological experts which all seem to indicate that the Plaintiff is disabled, the ALJ states that the opinions of disability are not accepted as they are contravened by the opinions of other treating and examining physicians who reported that the Plaintiff had the ability to return to work. (R. 24, 25, 28, 29). However, the only evidence which supports the Plaintiff's ability to return to work seems to be the opinion of the Director of Rehabilitation Services and the Plaintiff's speech pathologist. (R. 30). It is unclear why this evidence is more compelling than that of the other six medical and psychological professionals who evaluated the Plaintiff.

## III. *CONCLUSION*

Because the Court finds that the administrative record is not fully developed regarding specific issues relevant to the determination of disability in this case, the Court will grant the Commissioner's motion to remand for further administrative proceedings consistent with this memorandum. As a result, the Plaintiff's motion for summary judgment is denied.

An appropriate Order follows.

### *ORDER*

AND NOW, this 31st day of May, 2001, upon consideration of the Plaintiff's Motion for Summary Judgement (Docket No. 7), the Defendant's Motion for Remand (Docket No. 14), and the Plaintiff's Reply Brief in Support of their Motion for Summary Judgement (Docket No. 15), IT IS HEREBY ORDERED that:

(1) the Plaintiff's Motion is **DENIED** and

(2) the Defendant's Motion is **GRANTED**

IT IS FURTHER ORDERED that the above titled action is **REMANDED** to the Social Security Administration for further proceedings.